UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**SANTANDER CONSUMER USA, INC.**,

**Plaintiff,**

-vs-                                        Case No. 6:10-cv-1474-Orl-31KRS

**RALPH N. WHITE and MOLLY S. WHITE,**

**Defendants.**

_____

# ORDER

This matter comes before the Court on the Defendants' response (Doc. 23) to this Court's order to show cause (Doc. 12) why this matter should not be remanded.

The Plaintiff, Santander Consumer USA, Inc. ("Santander") filed this suit in state court on August 6, 2010. Santander sought to repossess a 2007 Chevrolet Tahoe from the Defendants, Ralph and Molly White (the "Whites"). (Doc. 2 at 1). Santander alleged that the Whites had breached a security agreement by failing to make payments on the vehicle, entitling it to possession and to a deficiency judgment. The complaint made no reference to federal law.

The Whites removed the case to this Court on October 5, 2010 on the grounds that the Court possessed federal question jurisdiction over this dispute. (Doc. 1 at 6). In support of this contention, the Whites argued that Santander was the successor in interest to the original lender, HSBC Auto Finance, Inc. ("HSBC Auto Finance"), that HSBC, N.A. was a federally chartered bank, and that federal law precluded such banks from charging excessive interest. (Doc. 1 at 6).

The Whites alleged that the security agreement at issue was usurious, thereby giving rise to a federal question. (Doc. 1 at 7).

On October 14, 2010, after reviewing the Notice of Removal (Doc. 1), the Court informed the Whites that their theory did not add up, in part because it relied on information outside of the complaint. *See Taylor v. Anderson*, 234 U.S. 74, 75-76, 34 S.Ct. 724, 724, 58 L.Ed. 1218 (1914). The Court also noted that the removal appeared to be untimely, as it was accomplished more than 30 days after the Whites were served with a copy of the pleading at issue. *See* 28 U.S.C. § 1446. The Whites were ordered to show why the matter should not be remanded to state court.

In their response, the Whites have abandoned the argument that this Court necessarily has jurisdiction over allegations of usury made defensively against a subsidiary of a federally chartered bank. Instead, the Whites seek to rely on provisions of the Edge Act, 12 U.S.C. §§ 601 *et seq*. In particular, they point to the following passages from 12 U.S.C. § 632, which provides in pertinent part:

> Notwithstanding any other provision of law, **all suits of a civil nature** at common law or in equity to which any corporation organized under the laws of the United States shall be a party, **arising out of transactions involving international or foreign banking . . . or out of other international or foreign financial operations . . . shall be deemed to arise under the laws of the United States** . . . and any defendant in any such suit may, at any time before the trial thereof, remove such suits from a State court into the district court of the United States for the proper district by following the procedure for the removal of causes otherwise provided by law.

12 U.S.C. § 632 (emphasis added).

The Whites attempt to show that this case satisfies the requirements of Section 632 by pointing out that both HSBC Auto Finance and Santander are subsidiaries of subsidiaries of bank holding companies, or foreign chartered corporations, or both. (Doc. 23 at 1-2). Even assuming

this to be the case, however, that would not be enough to make this a suit "arising out of transactions involving international or foreign banking . . . or out of other international or foreign financial operations." 12 U.S.C § 632.  The transaction at issue here was a simple automobile loan.  The fact that foreign banking entities own some or all of the companies that own some or all of the lender and its successor in interest is not enough to transform that *transaction* into one involving international or foreign banking, or international or foreign financial operations. Accordingly, the complaint in this case does not give rise to a federal question, and this Court lacks subject matter jurisdiction over this dispute.

Accordingly, it is hereby

**ORDERED** that this case is **REMANDED** to the Circuit Court in and for Volusia County, Florida.  All pending motions are **DENIED AS MOOT**, the Order to Show Cause is **DISCHARGED**, and the Clerk is directed to close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 5, 2010.

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party